JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES – GENERAL</u>

Case No. SA CV 23-01299-DOC-JDE                Date: October 26, 2023

Title: GS HOLISTIC, LLC V. AFIF SHAHIN d/b/a TRIPLE J'S SMOKE AND VAPE ET AL.

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| <u>Karlen Dubon</u> | <u>Not Present</u> |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [14]**

      Before the Court is Plaintiff GS Holistic, LLC's ("Plaintiff" or "GS")) Motion for Default Judgment ("Motion" or "Mot.") (Dkt. 14) against Defendants Afif Shahin d/b/a Triple J's Smoke and Vape Shop and Afif Shahin (collectively, "Defendants"). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering all relevant filings, the Court **GRANTS** the Motion for Default Judgment and **VACATES** the hearings scheduled for November 13, 2023.

**I.    Background**

     **A.    Facts**

      The following facts are drawn from Plaintiffs' Complaint ("Compl.") (Dkt. 1). Plaintiff markets and sells glass infusers and accessories using the trademark "Stündenglass." Compl. ¶ 8. Plaintiff owns the relevant trademarks under Registration Numbers 6,633,884, 6,174,292 and 6,174,291. *Id.* Defendants are a retailer of glass infusers, some of which Plaintiff alleges bear reproductions, counterfeits, copies and/or colorable imitations of the Stündenglass Trademarks that were not made or authorized by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 23-01299-DOC-JDE                                    Date: October 26, 2023
                                                                                                       Page 2

GS. *Id.* ¶ 25. On August 12, 2022, an investigator employed by GS purchased a Glass Infuser with a Stündenglass Mark affixed to it, from Defendants, for a cost of $420.75. *Id.* ¶¶ 29-30. Plaintiff sells their glass infuser for $599.95. *Id.* ¶ 21. GS' inspection of the item purchased from Defendants confirmed this sale was a counterfeit good. *Id.* ¶ 31.

Plaintiffs now request statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c) in the amount of $150,000 ($50,000 per mark). Mot. at 2. Plaintiff further alleges they have incurred costs in the amount of $1019.25 in investigating and responding to the trademark infringement. *Id.*

### B. Procedural History

On July 19, 2023, Plaintiffs filed the Complaint. On August 3, 2023, Plaintiff filed proof of service upon Defendant. Dkt. 10. On September 19, 2023, Plaintiff filed a Request for the Clerk to enter default against Defendant, which was granted on September 20, 2023 pursuant to Fed. R. Civ. P. 55(a). Dkts. 12-13. On September 25, 2023, Plaintiff filed the instant Motion with this Court asking for Default Judgment. Dkt. 14.

## II. Legal Standard

Federal Rule of Civil Procedure 55(b) provides that the Court may, in its discretion, order default judgment following the entry of default by the Clerk. Fed. R. Civ. P. 55(b). Local Rule 55 sets forth procedural requirements that must be satisfied by a party moving for default judgment. C.D. Cal. R. 55. Entry by the Clerk is proper when the amount of damages is "for a sum certain or a sum that can be made certain by computation"; entry by the Court is proper "[i]n all other cases." Fed. R. Civ. P. 55(b). Upon entry of default, the well-pleaded allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. *See, e.g.*, *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleading, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the Court may require the moving party to produce evidence in support of the motion for default judgment. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

When deciding whether to enter default judgment, courts consider seven factors:

Case 8:23-cv-01299-DOC-JDE   Document 18   Filed 10/26/23   Page 3 of 7   Page ID #:100

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 23-01299-DOC-JDE　　　　　　　　　　　　　　　　　　Date: October 26, 2023
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## III. Discussion

### A. Procedural Requirements

Plaintiffs have satisfied the requirements of Local Rules 55-1 and 55-2 and Federal Rule of Civil Procedure 55(b). Plaintiffs requested and received an entry of default against Defendants. Dkts. 12-13. Having determined Plaintiffs' procedural compliance, the Court turns to the substance of Plaintiffs' Motion. In addition, Plaintiffs properly served Defendants (Dkt. 10).

### B. *Eitel* Factors

#### 1. The Possibility of Prejudice to Plaintiffs

The first *Eitel* factor requires the Court to consider the harm to Plaintiffs if the Court does not grant default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, without an entry of default judgment Plaintiffs will be prejudiced and denied the right to a judicial resolution of the claims presented or any effective remedy from the defaulting Defendants. *See id.* Accordingly, the Court finds that this factor weighs in favor of default judgment.

#### 2. Merits of Claim and Sufficiency of the Complaint

Courts often consider the second and third *Eitel* factors together. *See PepsiCo*, 238 F. Supp. 2d at 1175. The second and third *Eitel* factors favor default judgment where the complaint states a claim for relief. *Id.* at 1177 (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). In their analyses of the second and third *Eitel* factors, courts accept as true all well-pleaded allegations regarding liability. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Plaintiff alleges claims trademark counterfeiting and infringement, and false designation of origin and unfair competition. *See* Mot. at 9-10. To state a claim for

Case 8:23-cv-01299-DOC-JDE  Document 18  Filed 10/26/23  Page 4 of 7  Page ID #:101

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 23-01299-DOC-JDE　　　　　　　　　　　　　　　　　　Date: October 26, 2023
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

trademark infringement or false designation of origin, Plaintiffs must establish that they own a "valid, protectable mark" and that Defendants are using a "confusingly similar mark." *See Grocery Outlet, Inc. v. Albertson's, Inc.*, 497 F.3d 949, 951 (9th Cir. 2007) (per curiam) (citing 15 USC. § 1114(1)); *see also Brookfield Commc'ns, Inc. v. W Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999); A*K Futures LLC v. Smoke Tokes, LLC*, 2021 PVL 5359019, at *3 (C.D. Cal. Nov. 17, 2021) (false designation of origin claim analyzed using same elements as trademark infringement claim). A Plaintiff must show: (1) it has a protected ownership interest in the mark; and (2) the alleged infringer's use of the mark "is likely to cause confusion, or to cause mistake, or to deceive." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006) (internal quotation marks and citation omitted); 15 U.S.C. § 1114. The Complaint alleges Plaintiff is the valid owner of three Stündenglass Trademarks registered with the USPTO. Compl. ¶¶ 11-12. Plaintiff further alleges that Defendants sold goods that bore those same Marks, without Plaintiffs consent, asserting the use was likely to cause confusion. Compl. at ¶ 25-27. These allegations, taken as true, are sufficient to state a claim for trademark infringement.

As such, the second and third *Eitel* factors weigh in favor of Plaintiff.

### 3. Sum of Money at Stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *Pepsico*, 238 F. Supp. 2d at 1176. This requires the court to assess whether the recovery sought is proportional to the harm caused by defendant's conduct. *See Walters v. Statewide Concrete Barrier, Inc.*, No. 04-cv-2559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

Here, Plaintiff seeks statutory damages of $150,000, plus costs in the amount of $1019.25, against Defendants for trademark infringement and trademark counterfeiting. Mot. at 2. After reviewing Plaintiff's estimate of sales and costs, as explained in further detail below (*see infra* Section III(C)), the court adjusts these amounts based on the evidence presented by Plaintiff, but finds that Plaintiff's request for statutory damages and costs is reasonable and proportional to the harm suffered.

The Court determines that the fourth *Eitel* factor weighs against granting default judgment in the amount requested by Plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 23-01299-DOC-JDE                      Date: October 26, 2023
                     Page 5

### 4. Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor requires the Court to consider the possibility of dispute about material facts in the case. Where a plaintiff's complaint is well-pleaded and the defendants make no effort to respond, the likelihood of disputed facts is very low. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

Here, Plaintiffs provided a well-pleaded complaint and Defendants failed to dispute the allegations. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Pepsico*, 238 F. Supp. 2d at 1177 (citing *TeleVideo Sys., Inc.*, 826 F.2d at 917-18). Accordingly, this factor weighs in favor of default judgment.

### 5. Possibility of Excusable Neglect

The sixth *Eitel* factor considers the possibility that a defendant's default resulted from excusable neglect. *Vogel*, 992 F. Supp. 2d at 1013; *see also Eitel*, 782 F.2d at 1471-72. Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present their objections before a final judgment is rendered. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). While there is always a possibility that a defendant might appear and claim excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. *Shanghai Automation Instrument Co. Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Here, Defendants were properly served with the Complaint and Summons. *See* Dkt. 10. However, no answer was filed. Defendants have made no effort to defend this suit. Because the likelihood of excusable neglect is very low, this factor weighs in favor of default judgment.

### 6. Strong Policy Favoring Decision on the Merits

The seventh *Eitel* factor requires the Court to consider the strong judicial policy favoring decisions on the merits before granting default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Pepsico*, 238 F. Supp. 2d at 1177 (citation omitted). Rule 55(a) allows a court to decide a case before the merits are heard if defendant fails to appear and defend.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 23-01299-DOC-JDE | Date: October 26, 2023 |
| | Page 6 |

*Id.* ("Defendant's failure to answer plaintiffs' complaint makes a decision on the merits impractical, if not impossible."). Since Defendants have not responded to Plaintiffs' Complaint, the Court is not precluded from entering judgment.

Taken together, the seven *Eitel* factors weigh in favor of granting default judgment against the Defendant.

### C.   Remedies

Having determined that entry of default judgment is proper, the Court turns to the remedies sought. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Once "[i]njury is established . . . plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). While the Court is not required to issue findings of fact as to liability, it must do so as to damages. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990). The Court can consider "declarations, calculations, and other documentation of damages in determining if the amount at stake if reasonable" when assessing whether "there is an adequate basis for the damages awarded in the default judgment." *Xerox Corp. v. American Mail Ctrs., Inc.*, 2016 WL 10834102, at *2 (C.D. Cal. Oct. 14, 2016) (citation omitted).

In this Motion, Plaintiff acknowledges actual damages cannot be readily calculated and so seeks statutory damages of $150,000 against Defendants for trademark infringement ($50,000 for infringement of each mark) and trademark counterfeiting. Mot. at 2. The Lanham Act, 15 U.S.C. § 1117(c), provides, in pertinent part that in a case such as the one here, "the plaintiff may elect…to recover, instead of actual damages and profits…an award of statutory damages…in the amount of —(1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just…" Under the same section, the Court may award damages up to $2,000,000 when the infringement is willful. "The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Columbia Pictures Indus. Inc. v. Krypton Broad. of Birmingham*, 259 F.3d 1186, 1194 (9th Cir. 2001).

Here, the statutory damages Plaintiff requests are vastly disproportionate to the documented harm suffered. Plaintiff is aware of only *one* instance of Defendants selling an infringing product, which was sold for $420.75. Compl.; Mot. at 15. The affidavits provided by Plaintiff addressing damages (Dkts. 14-4; 14-5) discuss Plaintiff's

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 23-01299-DOC-JDE                                                  Date: October 26, 2023

Page 7

nationwide potential losses due to counterfeiting. These have little bearing on the harm caused by the individual Defendants here. Accordingly, an award of $150,000 in damages here is unreasonable. Therefore, given the Court's wide discretion in determining the amount of statutory damages, the Court awards damages of $6,000 ($2,000 for infringement of each trademark owned by Plaintiff).

Plaintiff also seeks costs in the amount of $1019.25, consisting of the filing fee ($402.00), the process server fee ($131.5), and the Plaintiff's investigation fees ($485.75). Mot. at 17. These amounts flow directly from Plaintiff's attempts to address the injuries plead and are reasonable.

## IV. DISPOSITION

For the reasons set forth above, the Court **GRANTS** Plaintiffs' Motion for Default Judgment. Accordingly, the hearing scheduled for November 13, 2023 is **VACATED**.

1) Judgment shall be entered in favor of GS Holistic, LLC and against Defendants Afif Shahin d/b/a Triple J's Smoke and Vape Shop and Afif Shahin in the amount of $6,000 in statutory damages for their trademark infringement claim;

2) Plaintiff shall be awarded their costs.

The clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                 Initials of Deputy Clerk:
CIVIL-GEN                                                                                        kdu